IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
|     True Colours, Inc., | ) | BK 20-10845 SAH |
| | ) | Chapter 11 |
|                     Debtors. | ) | |
| | ) | |

**OBJECTION TO CONFIRMATION OF
<u>CHAPTER 11 PLAN OF REORGANIZATION</u>**

The United States of America, on behalf of the Internal Revenue Service (the Service), a creditor herein, hereby objects to confirmation of the Debtors' proposed Plan of Reorganization (the Plan).

IN SUPPORT THEREOF, the United States asserts:

1.  The Debtors filed their bankruptcy petition seeking relief under Chapter 11 on or about March 11, 2020.

2.  **IRS Proof of Claim**. The IRS's proof of claim (Claim Docket No. 24) consists of an unsecured priority claim of $9,662.88, and a general unsecured claim in the amount of $7,558.91, for a total claim amount of $17,221.79. Debtor has lodged an Objection to Claim of the IRS, and an Amended Objection to Claim (Docket No. 91 and 98). The IRS has responded to the Amended Objection to Claim.

3.  **Administrative Clams.** The Plan fails to provide for the proper payment of the administrative claim of the Service, if any, in accordance with 11 U.S.C. §1129(a)(9)(A). Administrative tax liabilities include penalties and interest on taxes incurred by the bankruptcy estate. *See,* <u>United States v. Friendship College, Inc.</u>, 737 F.2d 430 (4th Cir. 1984); <u>In re Mark Anthony Constr., Inc.</u>, 886 F.2d 1101 (9th Cir. 1989); <u>In</u>

re Flo-Lizer, Inc., 916 F.2d 363 (6th Cir. 1990). The Plan improperly provides that administrative claims will be paid without interest. The United States objects to this provision of the Plan.

**Proposed language to remedy this objection**: "Administrative liabilities to the Internal Revenue Service, if any, shall be timely reported and paid in the normal course of business, in full, with interest pursuant to 26 U.S.C., § 6621 and 6622 and penalties, if any."

4.   **Non-Administrative Post Petition Tax Claims**.   The Plan fails to specify any treatment of post-petition pre-confirmation tax liabilities, rendering the Plan ambiguous. In the case at hand, the Plan fails to meet the requirements of § 1129(b)(2)(A).

5.   **Priority Claims**.   The United States objects to the proposed Plan's treatment of the Service's priority tax claim.

   a.   Bankruptcy Code §1129(a)(9)(C) requires priority tax claims to be paid in full within 5 years of the order of relief.   *See* 11 U.S.C. §1129(a)(9)(C).

**Proposed language to remedy this objection**: "The unsecured priority claim of the Internal Revenue Service is allowed in full as filed on its proof of claim and shall be paid in equal monthly payments within 5 years of the Order of Relief, with interest from the Confirmation Date at the rate of 3 percent pursuant to 26 U.S.C., Sections 6621 and 6622."

6.   **Unfiled Returns.**   The Debtor has failed to file forms 1120 and 940 for tax

year 2019. There are unfiled tax returns listed on proof of claim. The tax returns need to be filed and balances owed should be included in the plan.

    a.    The debtor should not be allowed to reschedule payment of its federal tax debts while simultaneously disregarding its lawful obligation to file tax returns and apprise the Service on appropriate forms, signed under penalties of perjury, of its true tax liabilities. Moreover, until the delinquent tax returns are filed, it cannot be determined if the plan is feasible or complies with the requirements of 11 U.S.C. In re Farouki, 133 B.R. 769, 776 (Bankr. E.D. Va. 1991)(complete disclosure of financial affairs is fundamental to the concept that discharge is only available to totally open and honest debtors), *aff'd sub nom.*, Farouki v. Emirates Bank Int'l, Ltd., 14 F.3d 244 (4th Cir. 1994); In re Morimoto, 171 B.R. 85 (B.A.P. 9th Cir.1994) (holding that "[n]one of the provisions of the Bankruptcy Code exempt a debtor from the requirements of the Internal Revenue Code that an individual must file federal income tax returns regarding any earned wages."); In re Hahn, 200 B.R. 249 (Bankr. M.D. Fla. 1996).

    7.    **Best Interests of Creditors, Section 1129(a)(7)**. The "best interests" test, set forth in §1129(a)(7), requires, *inter alia*, as follows: With respect to each impaired class of claims or interests –

(A) each holder of a claim or interest of such class –

(i) has accepted the plan; or

(ii) will receive or retain under the plan on account of such claim or interest property of a value, **as of the effective date of the plan**, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date; . . .  11 U.S.C. §1129(a)(7)(A) (emphasis added).  See In re Walker, 165 B.R. 994, 1005 (Bankr. E.D. Va. 1994).

The best interest test focuses on individual dissenting or non-voting creditors, rather than classes of claims. In re Drexel Burnham Lambert Group, Inc., 138 B.R. 723, 761 (Bankr. S.D. N.Y. 1992). The proponent of the plan has the burden of establishing that the plan satisfies §1129(a)(7). In re Hoosier Hi-Reach, Inc., 64 B.R. 34 (Bankr. S.D. Ind. 1986), *citing*, In re Featherworks Corp., 25 BR 634 (Bankr. E.D. N.Y. 1982). To determine the value that impaired creditors and equity security holders would receive if the Debtors were liquidated under chapter 7 the Court must first determine the amount that would be generated by the hypothetical liquidation of the Debtors' assets by a Chapter 7 trustee.

**Proposed Language to include in Plan**:

(a) **Proposed language to remedy objections**: That the debt owed by the Debtors to the Internal Revenue Service (IRS) is a Non-Dischargeable debt, except as otherwise provided for in the Code, and that if the Debtors default, the IRS is not subject to the provisions of the Bankruptcy Code so that the IRS can take whatever actions are necessary to collect said debt in the event of default; the federal tax liens survive the plan confirmation, a bankruptcy discharge, and dismissal of the case.

    The Liens continue to be enforceable against all of the debtor's property under federal law.

(b) A failure by the Debtors to make a payment to the Internal Revenue Service pursuant to the terms of the Plan and/or failure to remain current on filing and paying post-confirmation taxes, shall be an event of default, and as to the Internal Revenue Service, there is an event of default if payment is not received by the 15th day of each month. If there is a default, the Internal Revenue Service must send written demand for payment, and said payment must be received by the Internal Revenue Service within 15 days of the date of the demand letter. The Debtor can receive up to three notices of default from the Internal Revenue Service; however, on the third notice of default from the Internal Revenue Service the third notice cannot be cured, and the Internal Revenue Service may accelerate its allowed claim(s), past and future, and declare the outstanding amount of such claim(s) to be immediately due and owing and pursue any and all available state and federal rights and remedies. These default provisions pertain to the entire claim(s) of the Internal Revenue Service, secured, unsecured priority and unsecured general.

(c) The IRS is bound by the provisions of the confirmed plan and is barred under 11 U.S.C. §1141 from taking any collection actions against the debtors for prepetition claims during the duration of the Plan (provided there is no default as to the IRS). The period of limitations on collection remains suspended under 26 U.S.C.

§6503(h) for the tax periods being paid under the Plan and terminates on the earlier of (1) all required payments to the IRS have been made; or (2) 30 days after the date of the demand letter (described above) for which the debtor failed to cure the default.

(d) The IRS may still pursue the Trust Fund Recovery Penalty.

(e) The Debtor needs to stay current in filing and paying all post-petition tax returns and making federal tax deposits.

WHEREFORE, the Service respectfully requests that confirmation of the proposed Plan be denied unless it is amended to address the objections raised above.

TIMOTHY J. DOWNING
United States Attorney

*/s/ Kay Sewell*
Kay Sewell, OBA # 10778
Assistant US Attorney
210 Park Ave, # 400
Oklahoma City, OK   73102
(405) 553-8807 (office)
(405) 553-8885 (fax)
E-mail: kay.sewell@usdoj.gov
Attorney for the Internal Revenue Service

**CERTIFICATE OF SERVICE**

X   I hereby certify that on July 21, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the electronic records currently on file, the Clerk of Court will transmit a notice of Electronic Filing to the ECF registrants in this case, including:

Gary D. Hammond and
Amanda R. Blackwood
gary@okatty.com
Attorneys for Debtor

MJ Creasey
Office of the U.S. Trustee
215 Dean A. McGee Ave., Rm. 408
Oklahoma City, OK 73102
Marjorie.Creasey@usdoj.gov

Stephen J. Moriarty
Chpt 11 Trustee
Fellers Snider
100 N. Broadway Ave., Suite 1700
Oklahoma City, OK 73102-8820
SMORIARTY@fellerssnider.com

*/s/ Kay Sewell*
Kay Sewell, OBA # 10778
Assistant US Attorney
210 Park Ave, # 400
Oklahoma City, OK    73102
(405) 553-8807 (office)
(405) 553-8885 (fax)
E-mail: kay.sewell@usdoj.gov
Attorney for the Internal Revenue Service