IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:

TRUE COLOURS, INC.

Debtor.

Case No. 20-10845-SAH
(Chapter 11)

## DEBTOR'S AMENDED PLAN OF REORGANIZATION

### A. Description and History of Debtor's Business

True Colours, Inc. ("Debtor") is a corporation. Since 2012, Debtor has been in the business of florist services and event rental services. Debtor's sole source of revenue is from florist services and event rentals. With respect to the event rental aspect of Debtor's business, Debtor provides certain items to its customers for weddings and other large events. The types of items Debtor provides for its event rental service include, but is not limited to, tables, chairs, linens, china, and other glassware. When Debtor first became incorporated, it only provided florist services. Then, in 2016, Debtor added the event rental service.

Brian Hobbs is the sole owner and president of Debtor. Mr. Hobbs is the only insider of Debtor and will be compensated at the rate of $5,000 per month for the remainder of 2020, then $7,500 for January through December 2021, then $10,000 per month for January through December 2022, then $12,000 per month thereafter. Mr. Hobbs salary will be paid contingent upon play payments being made timely.

### B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity-interest holders would receive in a chapter 7 liquidation. The liquidation analysis required by 11 U.S.C. § 1190 is attached to the Plan as Exhibit "A." Pursuant to Schedule B, Debtor contends

that no unsecured creditors would receive anything if this case were a case under chapter 7.

C. **Ability to Make Future Plan Payments and Operate Without Further Reorganization**

Debtor must also show that it will have enough cash flow over the life of the Plan to make the required Plan payments and operate Debtor's business.  Projections that support the Debtor's ability to make all payments required by the Plan are attached to the Plan as Exhibit "B." *See* 11 U.S.C. § 1190.

Debtor's financial projections show that the Debtor will have projected disposable income (as defined by 1192(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) to make all required plan payments.

Debtor will be the disbursing agent for all post-confirmation plan payments. The Subchapter V Trustee, Stephen Moriarty, will not disburse payments on behalf of Debtor.

The final Plan payment is expected to be paid thirty-six months from the date of the entry of the order confirming this plan.

Debtor has attached a three-year projected budget. Debtor created the projected budget taking into consideration the effects of COVID-19. Debtor anticipates that during the first several months after filing of this plan that it will be impacted by COVID-19 and will be limited on what it can pay to its creditors. The attached Exhibit "C" provides a detailed listing of treatment of Debtor's creditors. Exhibit "C" provides that some creditors will begin receiving payments several months after the filing of this plan, which is due to decreased revenue as expected by the Debtor due to the effects of COVID-19.

Pursuant to 11 U.S.C. § 1191(c)(3)(B), in the event that Debtor defaults in payments required pursuant to this plan, creditors may exercise any and all rights and remedies that they

may have to protect their respective interests, including any and all state court remedies.

### ARTICLE 1: SUMMARY

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.  (If you do not have an attorney, you may wish to consult one).**

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay Debtor's creditors from the revenue generated by Debtor. This Plan provides for[1]:

| (1) | Classes of administrative claims |
|-----|----------------------------------|
| (1) | Classes of priority claims; |
| (1) | Classes of secured claims; |
| (1) | Classes of non-priority unsecured claims; |
| (1) | Classes of equity security holders. |

**Payment of non-priority unsecured claims.** Unsecured Claims - Debtor proposes to pay its Excess Funds to the unsecured creditors over a three (3) year period starting in January 2021. Debtor proposes that such payments will be distributed on a quarterly basis and will be paid thirty (30) days after the end of each quarter. Excess Funds are defined as any amount in excess of two (2) x Debtor 's average monthly operational expenses. Debtor will calculate the average monthly operational expenses by taking the average of the prior three (3) months operational expenses. Any amount in excess of this amount will be distributed 70% to the unsecured creditors and 30% will be retained by Debtor. By way of example , if Debtor 's average monthly operational expenses for the

---

1 See attached Exhibit "C" for a breakdown of the treatment of all debts.

period from January through March 2021 are $100,000, and Debtor has $340,000 in gross revenue for the quarter ending March 31, 2020, then Debtor will split $140,000 ($340,000 - $200,000) on a 70/30 basis with the unsecured creditors. In this example, Debtor would pay $98,000 ($140,000 x 70%) to the unsecured creditors on April 30, 2020.

**Payment of administrative expenses and priority claims:** This Plan provides for full payment of administrative expenses and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

**Article 2: Classification of Claims and Interests**

**2.01. Class 1:** All allowed administrative claims pursuant to 11 U.S.C. § 503.

**2.02. Class 2:** All allowed claims entitled to priority under § 507(a) of the Code (except administrative expenses under § 507(a)(2)).

**2.03. Class 3:** All allowed secured claims.

**2.04. Class 4.** All allowed unsecured claims.

**2.05. Class 5.** Equity interests of the Debtor.

**Article 3: Treatment of Administrative Expenses and Priority Claims.**

**3.01: Administrative expenses:** Administrative expenses allowed under 11 U.S.C. § 503 will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

**3.02: Priority tax claims:** Each holder of an allowed priority tax claim will be paid in monthly installments over sixty months beginning thirty (30) days after the Effective Date of the plan.

**3.03: Equity Interests of the Debtor:** Brian Hobbs is 100% owner of Debtor. Debtor will pay Brian Hobbs a salary of $5,000 per month for the remainder of 2020, then $7,500 per month

for January through December 2021, then $10,000 per month for January through December

2022, then $12,000 per month thereafter.  Mr. Hobbs salary will be paid contingent upon play

payments being made timely.  Brian Hobbs will retain 100% of his equity interest in the newly

reorganized Debtor.

**Article 4: Treatment of Other Claims and Interests Under the Plan:**

See attached Exhibit "C" for a breakdown of the treatment of claims.

**Article 5: Allowance and Disallowance of Claims**

**5.01: Disputed claim.** A *disputed claim* is a claim that has not been allowed or disallowed

and as to which either:

(i) A proof of claim has been filed or deemed filed, and the Debtor or another party in interest

has filed an objection; or

(ii) No proof of claim has been filed, and the Debtor has scheduled such claim as disputed,

contingent or unliquidated.

**5.02: Delay of distribution on a disputed claim:** No distribution will be made on account of

a disputed claim unless and until it is allowed.

**5.03: Settlement of disputed claims.** Debtor will have the power and authority to settle and

compromise a disputed claim with Court approval and compliance with Federal Rule of Bankruptcy

Procedure 9019.

**Article 6: Provisions For Executory Contracts And Unexpired Leases:**

(a)  Debtor assumes the following executory contracts and unexpired leases as of the effective

date of the Plan:

(1)  Lease for commercial real property with L&J Realty;

(2)  Lease for commercial real property with Odd Fellows Development Group, LLC;

4)  Lease for personal property with Enverto.

(b)  Except for executory contracts and unexpired leases that have been assumed, and if applicable, assigned either before the effective date or under section 6(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date. Specifically, Debtor rejects the three (3) leases with Pawnee Leasing Corporation.

A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date on which the Court enters the order confirming this Plan.

**Article 7: Means for Implementation of this Plan:**

Debtor will fund the Plan from its operations as a florist shop and event rental business.

**Article 8: General Provisions:**

**8.01: Definitions and rules of construction:** The definitions and rules of construction set forth §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

**8.02: Effective date:** The effective date of this Plan is the day that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the day after the date on which the stay expires or is otherwise terminated. These periods are calculated as provided in Federal Rule of Bankruptcy Procedure 9006(a)(1).

**8.03: Severability:** If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision in this Plan.

**8.04: Binding effect:** The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

**8.05: Captions:** The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**8.06: Controlling effect:** Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Oklahoma govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**8.08: Retention of Jurisdiction**: The Court confirming the Plan may exercise jurisdiction to the full extent necessary to administer this case after Plan confirmation and to adjudicate any related adversary proceedings or contested matters including those relating to the Plan, such as concerning the Plan's construction, implementation, or modification. Neither this provision nor anything in this Plan constitutes a limitation on or an expansion of the jurisdiction authorized by title 28 of the United States Code.

**Article 9: Discharge:**

If Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that Debtor will not be discharged of any debt:

(i)     Imposed by this Plan; or

(ii)    To the extent provided in § 1141(d)(6).

If Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge on completion of all payments due within the first three (3) years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i)     On which the last payment is due after the first three (3) years of the plan, or as otherwise provided in § 1192; or

(ii)    Excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Respectfully Submitted,


/s/ Gary D. Hammond
Gary D. Hammond, OBA# 13825
MITCHELL & HAMMOND
An Association of Professional Entities
512 N.W. 12th Street
Oklahoma City, OK  73103
405.216.0007 - Telephone
405.232.6358 - Facsimile
gary@okatty.com - Email
**ATTORNEY FOR DEBTOR**




/s/ Amanda R. Blackwood
Amanda R. Blackwood, OBA #33839
BLACKWOOD LAW FIRM, PLLC
PO Box 6921
Moore, OK 73153
405.633.1464 -Telephone
405.378.4466 – Facsimile
amanda@blackwoodlawfirm.com – Email
**ATTORNEY FOR DEBTOR**




## CERTIFICATE OF MAILING

I certify that I served the foregoing document filed on June 8, 2020, using the Courts ECF system to the following:

Office of the Assistant U.S. Trustee

Further, I certify that on June 8, 2020, a true and correct copy of this document was forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following at the addresses on Exhibit D.

/s/ Amanda R. Blackwood

Amanda R. Blackwood

**Fill in this information to identify the case**

Debtor name  **True Colours, Inc.**

United States Bankruptcy Court for the: **WESTERN DISTRICT OF OKLAHOMA**

Case number
(if known)  _____

☐ Check if this is an
amended filing

Official Form 206A/B

## Schedule A/B: Assets -- Real and Personal Property

12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on** *Schedule G: Executory Contracts and Unexpired Leases* **(Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

   **All cash or cash equivalents owned or controlled by the debtor**

   **Current value of debtor's interest**

2. **Cash on hand**

   **$185.00**

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value of debtor's interest |
| --- | --- | --- | --- |
| 3.1. **Arvest Checking account** | **Checking account** | 8 6 6 6 | ($703.73) |
| 3.2. **Arvest Checking account** | **Checking account** | 0 0 1 8 | ($17.03) |
| 3.3. **BancFirst Checking account** | **Checking account** | 0 1 6 5 | ($1,278.74) |
| 3.4. **First National Bank of Weatherford Checking account** | **Checking account** | 4 1 4 4 | $225.96 |
| 3.5. **Florist Federal Credit Union checking account** | | | $124.02 |

4. **Other cash equivalents** *(Identify all)*

   Name of institution (bank or brokerage firm)

5. **Total of Part 1**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

   **($1,464.52)**

| Part 2: | Deposits and prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

# EXHIBIT "A"

Debtor    **True Colours, Inc.**    Case number (if known) _____
_____
Name

|  |  | Current value of debtor's interest |
|---|---|---|

**7. Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

**9. Total of Part 2.**
Add lines 7 through 8.  Copy the total to line 81.                                                                 $0.00

---

## Part 3:  Accounts receivable

**10. Does the debtor have any accounts receivable?**

☐ No.  Go to Part 4.
☒ Yes.  Fill in the information below.

|  |  |  | Current value of debtor's interest |
|---|---|---|---|

**11. Accounts receivable**

11a.  90 days old or less:     **$34,774.10**  –  **$0.00**  = ............. →  **$34,774.10**
                                        face amount        doubtful or uncollectible accounts

11b.  Over 90 days old:     **$0.00**  –  **$0.00**  = ............. →  **$0.00**
                                        face amount        doubtful or uncollectible accounts

**12. Total of Part 3**
Current value on lines 11a + 11b = line 12.  Copy the total to line 82.                         **$34,774.10**

---

## Part 4:  Investments

**13. Does the debtor own any investments?**

☒ No.  Go to Part 5.
☐ Yes.  Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                         % of ownership:

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

**17. Total of Part 4**
Add lines 14 through 16.  Copy the total to line 83.                                                               $0.00

---

## Part 5:  Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No.  Go to Part 6.
☒ Yes.  Fill in the information below.

| Debtor | **True Colours, Inc.** | | | Case number (if known) _____ | |
|--------|------------------------|--|--|----------------------------------------|--|
| | Name | | | | |

| General description | Date of the last physical inventory MM/DD/YYYY | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|------------------------------------------------|------------------------------------------------------|------------------------------------------|------------------------------------|
| 19. Raw materials | | | | |
| 20. Work in progress | | | | |
| 21. Finished goods, including goods held for resale | | | | |
| **Home accessories for resale** | _____ | _____ | _____ | **$65,000.00** |
| 22. Other inventory or supplies | | | | |
| **Flowers, vases, ribbons and related supplies** | _____ | _____ | _____ | **$2,200.00** |
| 23. Total of Part 5 | | | | |
| Add lines 19 through 22. Copy the total to line 84. | | | | **$67,200.00** |

24. **Is any of the property listed in Part 5 perishable?**
☑ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☑ No
☐ Yes. Book value _____    Valuation method _____    Current value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☑ No
☐ Yes

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming or fishing-related assets (other than titled motor vehicles and land)?**
☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|------------------------------------------------------|------------------------------------------|------------------------------------|
| 28. Crops--either planted or harvested | | | |
| 29. Farm animals *Examples:* Livestock, poultry, farm-raised fish | | | |
| 30. Farm machinery and equipment (Other than titled motor vehicles) | | | |
| 31. Farm and fishing supplies, chemicals, and feed | | | |
| 32. Other farming and fishing-related property not already listed in Part 6 | | | |
| 33. Total of Part 6. | | | |
| Add lines 28 through 32. Copy the total to line 85. | | | $0.00 |

34. **Is the debtor a member of an agricultural cooperative?**
☐ No
☐ Yes.  Is any of the debtor's property stored at the cooperative?
☐ No
☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes. Book value _____    Valuation method _____    Current value _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
☐ No
☐ Yes

| Debtor | **True Colours, Inc.** | Case number (if known) |
|---|---|---|
| | Name | |

**37.  Has any of the property listed in Part 6 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

---

**Part 7:   Office furniture, fixtures, and equipment; and collectibles**

**38.  Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

- ☐ No.  Go to Part 8.
- ☑ Yes.  Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.  Office furniture** | | | |
| **Three desks, three chairs, two credenzas, two tables, two filing cabinets** | | | **$3,000.00** |
| **Display cabinets** | | | **$2,500.00** |
| **40.  Office fixtures** | | | |
| **Fixtures: two work stations, chandeliers** | | | **$5,000.00** |
| **41.  Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| **Large cooler** | | | **$8,000.00** |

**42.  Collectibles**  *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

**43.  Total of Part 7.**
Add lines 39 through 42.  Copy the total to line 86.

| | **$18,500.00** |
|---|---|

**44.  Is a depreciation schedule available for any of the property listed in Part 7?**
- ☑ No
- ☐ Yes

**45.  Has any of the property listed in Part 7 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

---

**Part 8:   Machinery, equipment, and vehicles**

**46.  Does the debtor own or lease any machinery, equipment, or vehicles?**

- ☐ No.  Go to Part 9.
- ☑ Yes.  Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47.  Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1.  **2017 Cadillac Escalade** | | | **$50,000.00** |
| 47.2.  **2016 Chevy Express 3500** | | | **$23,000.00** |
| 47.3.  **2014 Dodge Ram Promaster 2500** | | | **$20,000.00** |

Debtor   **True Colours, Inc.**                                    Case number (if known) _____
_____
Name

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats
trailers, motors, floating homes, personal watercraft, and fishing vessels

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm
machinery and equipment)**

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87.                    | $93,000.00 |

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
☒ No
☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 9:   Real property

54. **Does the debtor own or lease any real property?**

☒ No.  Go to Part 10.
☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description<br>such as Assessor Parcel Number (APN),<br>and type of property (for example,<br>acreage, factory, warehouse, apartment or<br>office building), if available. | Nature and extent<br>of debtor's interest<br>in property | Net book value of<br>debtor's interest<br>(Where available) | Valuation method<br>used for current<br>value | Current value of<br>debtor's interest |
|---|---|---|---|---|

56. **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.   | $0.00 |

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
☐ No
☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☐ No
☐ Yes

## Part 10:  Intangibles and Intellectual Property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No.  Go to Part 11.
☒ Yes.  Fill in the information below.

| General description | Net book value of<br>debtor's interest<br>(Where available) | Valuation method<br>used for current value | Current value of<br>debtor's interest |
|---|---|---|---|

60. **Patents, copyrights, trademarks, and trade secrets**

61. **Internet domain names and websites**

| gardenpartyflowershop.com | | | Unknown |
|---|---|---|---|

| Debtor | **True Colours, Inc.** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**62.** **Licenses, franchises, and royalties**

**63.** **Customer lists, mailing lists, or other compilations**

    Customer list                                  **Unknown**

**64.** **Other intangibles, or intellectual property**

**65.** **Goodwill**

**66.** **Total of Part 10.**
Add lines 60 through 65.  Copy the total to line 89.                                       **$0.00**

**67.** **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
☑ No
☐ Yes

**68.** **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☑ No
☐ Yes

**69.** **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☑ No
☐ Yes

| Part 11: | All other assets |
|---|---|

**70.** **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
☑ Yes.  Fill in the information below.

                                                         **Current value of
debtor's interest**

**71.** **Notes receivable**

Description (include name of obligor)

**72.** **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

**73.** **Interests in insurance policies or annuities**

**74.** **Causes of action against third parties (whether or not a lawsuit has been filed)**

**75.** **Other contingent and unliquidated claims or causes of action of every nature,
including counterclaims of the debtor and rights to set off claims**

**76.** **Trusts, equitable or future interests in property**

**77.** **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

    **Furniture for event rental, rotary press three dishwashers, dryer, cooler stored in warehouse**           **$305,000.00**

    **Misc. chairs and bar stools (under UCC-1 filed by Time Payment Corp.)**           **$19,437.00**

**78.** **Total of Part 11.**
Add lines 71 through 77.  Copy the total to line 90.                                   **$324,437.00**

**79.** **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☑ No
☐ Yes

| Debtor | **True Colours, Inc.** | | Case number (if known) | |
| | Name | | | |

---

## Part 12:  Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| | Type of property | Current value of<br>personal property | Current value of<br>real property |
|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.**<br>*Copy line 5, Part 1.* | ($1,464.52) | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | $34,774.10 | |
| 83. | **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | $67,200.00 | |
| 85. | **Farming and fishing-related assets.**<br>*Copy line 33, Part 6.* | $0.00 | |
| 86. | **Office furniture, fixtures, and equipment;**<br>**and collectibles.** *Copy line 43, Part 7.* | $18,500.00 | |
| 87. | **Machinery, equipment, and vehicles.**<br>*Copy line 51, Part 8.* | $93,000.00 | |
| 88. | **Real property.** *Copy line 56, Part 9*.............................➔ | | $0.00 |
| 89. | **Intangibles and intellectual property.**<br>*Copy line 66, Part 10.* | $0.00 | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | + $324,437.00 | |
| 91. | **Total.** Add lines 80 through 90 for each column. 91a. | $536,446.58 | + 91b. $0.00 |

92.   **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92.......................................................................   $536,446.58

---

## Revised Budget Projections
April 2020 - December 2024
True Colours, Inc

Due to the Covid19 Pandemic, we have been forced to reevaluate and revise our budget projections for 2020. We have also included monthly projections for 2021 and then yearly for 2022, 2023, and 2024.

In the months of April, May, June, July we are not expecting to be able to generate revenue due to Governor Stitt's mandate that all nonessential businesses close through April 30th, possible supply chain disruption with fresh flowers, OSU and Stillwater Public Schools being closed, social distancing, and economic slow down. To date, we have had over $65,000 in events cancel or postpone due to the pandemic. We are asking that part of the Bankruptcy Plan to be initiating payments to creditors after 'normal' business has resumed, we are estimating that to be August when OSU/public schools plan on resuming and hopefully we are on the tail end of the pandemic curve. Depending on how quickly social distancing measures are relaxed, businesses allowed to open, and society's willingness to spend money returns, we will be able to do daily business on a small scale, generating around $7,000 until August.

If we are able to procure flowers for the next several months, in the month of May we have one wedding that is still planning on taking place, with $1,060 due, and cost of goods around $400. Mothers Day is May 10th, in 2019 we did approximately $20,000 in revenue Mother's Day week. If we are able to do business, it's hard to estimate what demand will be like during the pandemic. If we estimate 1/2 the business of last year, that's about $10,000, with a cost of goods of around $2,000. In June we have 3 weddings that have not rescheduled, with $5,280 due, and cost of goods around $,1100. In July we have one wedding scheduled, owing $926 with cost of goods around $375.

For 2021 we have used projections originally intended for 2020, with an increase of sales of 20% because of closing of a competitor and continued natural growth of the business. 2022, 2023, and 2024 we have assumed 10% growth each year.

Exhibit "B"

| I CASH FLOW | 2020 April | May | June | July | August | September | October | November | December |
|---|---|---|---|---|---|---|---|---|---|
| **Cash Receipts** | | | | | | | | | |
| Collections | 0 | 0 | 0 | 0 | 60,086 | 66,139 | 67,429 | 56,777 | 42,342 |
| Additional borrowings | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Cash Receipts | 0 | 0 | 0 | 0 | 60,086 | 66,139 | 67,429 | 56,777 | 42,342 |
| **Cash Disbursements** | | | | | | | | | |
| *Total Payroll* | | | | | | | | | |
| Payroll - Gross | 0 | 0 | 0 | 0 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 |
| Payroll - Employer Taxes | 0 | 0 | 0 | 0 | 2,550 | 2,550 | 2,550 | 2,550 | 2,550 |
| Benefits | 0 | 0 | 0 | 0 | | | | | |
| Health Insurance | 1,055 | 1,055 | 1,055 | 1,055 | 1,055 | 1,055 | 1,055 | 1,055 | 1,055 |
| Worker's Comp Insurance | 0 | 0 | 0 | 0 | | | | | |
| Insurance Property | 1,865 | 1,865 | 1,865 | 1,865 | 1,865 | 1,865 | 1,865 | 1,865 | 1,865 |
| Insurance GL and Other | 0 | 0 | 0 | 0 | 0 | | | | |
| Taxes | 0 | 0 | 0 | 0 | 4,710 | 4,710 | 4,710 | 4,710 | 4,710 |
| *Expenses* | | | | | | | | | |
| Cost of goods | 0 | 0 | 0 | 0 | 12,200 | 13,400 | 13,900 | 11,100 | 8,500 |
| IT & Telecom | 439 | 439 | 439 | 439 | 439 | 439 | 439 | 439 | 439 |
| *General & Administrative* | | | | | | | | | |
| Rent | 5,250 | 5,250 | 5,250 | 5,250 | 5,250 | 5,250 | 5,250 | 5,250 | 5,250 |
| Professional Fees | 0 | 0 | 0 | 0 | 300 | 300 | 300 | 300 | 300 |
| Contract Labor | 0 | 0 | 0 | 0 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 |
| Office Expense | 0 | 0 | 0 | 0 | 715 | 715 | 715 | 715 | 715 |
| Other G&A | 800 | 800 | 800 | 800 | 3,762 | 3,762 | 3,762 | 3,762 | 3,762 |
| **Total Operating Disbursements** | 9,409 | 9,409 | 9,409 | 9,409 | 43,846 | 45,046 | 45,546 | 42,746 | 40,146 |
| Required debt service | 0 | 0 | 0 | 0 | 10,200 | 10,200 | 10,200 | 10,200 | 10,200 |
| Available cash | -9,409 | -9,409 | -9,409 | -9,409 | 6,040 | 10,893 | 11,683 | 3,831 | -8,004 |

1

| CASH FLOW | January | February | March | April | May | June | July | August | September | October | November | December | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2021 | | | | | | | | | | | | |
| **Cash Receipts** | | | | | | | | | | | | | |
| Collections | 77,183 | 76,155 | 70,901 | 74,321 | 58,097 | 36,362 | 45,049 | 60,086 | 66,139 | 67,429 | 56,777 | 42,347 | 730,846 |
| Additional borrowings | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Cash Receipts | 77,183 | 76,155 | 70,901 | 74,321 | 58,097 | 36,362 | 45,049 | 60,086 | 66,139 | 67,429 | 56,777 | 42,347 | 730,846 |
| **Cash Disbursements** | | | | | | | | | | | | | |
| *Total Payroll* | | | | | | | | | | | | | |
| Payroll - Gross | 17,000 | 17,000 | 17,000 | 17,000 | 17,000 | 17,000 | 17,000 | 17,000 | 17,000 | 17,000 | 17,000 | 17,000 | 204,000 |
| Payroll - Employer Taxes | 2,550 | 2,550 | 2,550 | 2,550 | 2,550 | 2,550 | 2,550 | 2,550 | 2,550 | 2,550 | 2,550 | 2,550 | 30,600 |
| Benefits | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Health Insurance | 1,055 | 1,055 | 1,055 | 1,055 | 1,055 | 1,055 | 1,055 | 1,055 | 1,055 | 1,055 | 1,055 | 1,055 | 12,660 |
| Worker's Comp Insurance | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Insurance Property | 1,865 | 1,865 | 1,865 | 1,865 | 1,865 | 1,865 | 1,865 | 1,865 | 1,865 | 1,865 | 1,865 | 1,865 | 22,380 |
| Insurance GL and Other | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Taxes | 4,710 | 4,710 | 4,710 | 4,710 | 4,710 | 4,710 | 4,710 | 4,710 | 4,710 | 4,710 | 4,710 | 4,710 | 56,520 |
| **Expenses** | | | | | | | | | | | | | |
| Cost of goods | 14,600 | 14,500 | 10,400 | 14,300 | 11,200 | 6,000 | 8,700 | 12,200 | 13,400 | 13,900 | 11,100 | 8,500 | 138,800 |
| IT & Telecom | 439 | 439 | 439 | 439 | 439 | 439 | 439 | 439 | 439 | 439 | 439 | 439 | 5,268 |
| *General & Administrative* | | | | | | | | | | | | | |
| Rent | 5,250 | 5,250 | 5,250 | 5,250 | 5,250 | 5,250 | 5,250 | 5,250 | 5,250 | 5,250 | 5,250 | 5,250 | 63,000 |
| Professional Fees | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 3,600 |
| Contract Labor | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 12,000 |
| Office Expense | 715 | 715 | 715 | 715 | 715 | 715 | 715 | 715 | 715 | 715 | 715 | 715 | 8,580 |
| Other G&A | 3,762 | 3,762 | 3,762 | 3,762 | 3,762 | 3,762 | 3,762 | 3,762 | 3,762 | 3,762 | 3,762 | 3,762 | 45,144 |
| Total Operating Disbursements | 53,246 | 53,146 | 49,046 | 52,946 | 49,846 | 44,646 | 47,346 | 50,846 | 52,046 | 52,546 | 49,746 | 47,146 | 602,552 |
| Required debt service | 10,200 | 10,200 | 10,200 | 10,200 | 10,200 | 10,200 | 10,200 | 10,200 | 10,200 | 10,200 | 10,200 | 10,200 | 122,400 |
| Available cash | 13,737 | 12,809 | 11,655 | 11,175 | -1,949 | -18,484 | -12,497 | -960 | 3,893 | 4,683 | -3,169 | -14,999 | 5,894 |
| Available cash | 13,737 | 26,546 | 38,201 | 49,376 | 47,427 | 28,943 | 16,446 | 15,486 | 19,379 | 24,062 | 20,893 | 5,894 | |

1

| 1 CASH FLOW | 2022 | 2023 | 2024 |
|---|---|---|---|
| **Cash Receipts** | | | |
| Collections | 803,930 | 884,323 | 972,756 |
| Additional borrowings | 0 | 0 | 0 |
| Total Cash Receipts | 803,930 | 884,323 | 972,756 |
| **Cash Disbursements** | | | |
| *Total Payroll* | | | |
| Payroll - Gross | 204,000 | 210,120 | 212,221 |
| Payroll - Employer Taxes | 30,600 | 30,906 | 31,215 |
| Benefits | 0 | 0 | 0 |
| Health Insurance | 12,660 | 12,660 | 12,660 |
| Worker's Comp Insurance | 0 | 0 | 0 |
| Insurance Property | 22,380 | 22,380 | 22,380 |
| Insurance GL and Other | 0 | 0 | 0 |
| Taxes | 62,172 | 68,389 | 75,228 |
| *Expenses* | | | |
| Cost of goods | 152,680 | 167,948 | 184,743 |
| *IT & Telecom* | 439 | 439 | 439 |
| *General & Administrative* | | | |
| Rent | 63,000 | 63,000 | 63,000 |
| Professional Fees | 3,600 | 3,600 | 3,600 |
| Contract Labor | 12,000 | 12,600 | 13,230 |
| Office Expense | 8,580 | 8,837 | 9,103 |
| Other G&A | 45,144 | 46,498 | 47,893 |
| Total Operating Disbursements | 617,255 | 647,378 | 675,712 |
| Required debt service | 122,400 | 122,400 | 122,400 |
| Available cash | 64,275 | 114,545 | 174,644 |

1

**Exhibit "C" To Debtor's Plan of Reorganization**

**Scheduled Debts For Which A Proof of Claim Was Filed**

| Claim # | Creditor | Amount of Claim | Plan Treatment |
|---|---|---|---|
| 1 | Arvest Bank | $71,060.20 | Debtor proposes to surrender the 2017 Cadillac that is pledged as collateral for this debt in full satisfaction of the claim. |
| 2 | Financial Pacific Leasing, Inc. | $8,267.99 | Creditor filed a claim stating that the debt is unsecured. Debtor agrees with the claim and proposes to pay the debt as unsecured. |
| 3 | Financial Pacific Leasing, Inc. | $8,027.68 | Creditor filed a claim stating that the debt is unsecured. Debtor agrees with the claim and proposes to pay the debt as unsecured. |
| 4 | Financial Pacific Leasing, Inc. | $7,629.19 | Creditor filed a claim stating that the debt is unsecured. Debtor agrees with the claim and proposes to pay the debt as unsecured. |
| 5 | Financial Pacific Leasing, Inc. | $9,862.33 | Creditor filed a claim stating that the debt is secured. Creditor attached a UCC-1 that references a contract number for a contract that has not been provided as documentation of the claim. The supporting documentation does not support the secured claim. Therefore, Debtor has objected to the Proof of Claim and proposes to pay the debt as unsecured. |
| 6. | RCB Bank | $21,420.87 | Creditor filed a secured proof of claim with which Debtor agrees and proposes to pay the secured debt as follows: Debtor will pay this debt in equal monthly payments over 60 months at the contract rate of interest. Debtor will begin making payments in January 2021. The maturity date will be extended to 61 months from the date the order confirming plan is filed. |
| 7. | RCB Bank | $193,264.64 | Creditor filed a secured proof of claim with which Debtor agrees and proposes to pay the secured debt as follows: Debtor will pay this debt pursuant to the original contract terms. Debtor will begin making payments in January 2021. The maturity date will be extended for the length of time between when the case was filed and when payments resume. |

| 8. | RCB Bank | $99,402.56 | Creditor filed a secured proof of claim with which Debtor agrees and proposes to pay the secured debt as follows: Debtor will pay this debt in equal monthly payments over 72 months at the contract rate of interest. Debtor will begin making payments in January 2021. The maturity date will be extended to 73 months from the date the order confirming plan is filed. |
| 9. | RCB Bank | $16,110.53 | Creditor filed a secured proof of claim with which Debtor agrees and proposes to pay the secured debt as follows: Debtor will pay this debt pursuant to the original contract terms. Debtor will begin making payments in January 2021. The maturity date will be extended for the length of time between when the case was filed and when payments resume. |
| 10. | On Deck | $29,899.15 | Creditor filed a claim stating that the debt is unsecured.  Debtor agrees with the claim and proposes to pay the debt as unsecured. |
| 11. | DS Factors | $2,002.21 | Creditor filed a claim stating that the debt is unsecured.  Debtor agrees with the claim and proposes to pay the debt as unsecured. |
| 12. | Enverto Investment Group | $2,790.34 | Debtor filed a claim stating that the agreement is a lease.  Debtor has filed a motion to assume the lease agreement and believes that the Court will approve the motion.  Debtor will pay the lease pursuant to the terms of the order granting motion to assume lease. |
| 13. | Ascentium Capital, LLC | $30,093.67 | Creditor has filed a proof of claim stating the debt is secured and has attached a UCC-1. The UCC-1 is not filed. Debtor has filed an objection to the proof of claim. Therefore, Debtor proposes to treat the debt as unsecured because RCB has a lien on the collateral  that is the subject of the debt. |
| 14. | Ascentium Capital, LLC | $20,636.17 | Creditor has filed a proof of claim stating the debt is secured. Creditor listed the value and secured portion as $11,350, and the unsecured portion as $9,286.17. Debtor filed a motion to determine the value of collateral and allowed amount of secured claim. The |

| | | | motion was granted and an order was entered by the Court. Pursuant to the Order, Debtor will pay the allowed secured claim amount of $4,027.25 in equal monthly payments over the remaining term of the note.  The maturity date will be extended for the length of time between when the case was filed and when payments resume. The remainder of the debt will be included in the distribution to the general unsecured creditors. Debtor will begin making monthly payments on the allowed secured claim in January 2021. |
|---|---|---|---|
| 15. | Ascentium Capital, LLC | | Creditor filed a claim stating that the debt is unsecured.  Debtor agrees with the claim and proposes to pay the debt as unsecured. |
| 16. | Ascentium Capital, LLC | | Creditor filed a claim stating that the debt is unsecured.  Debtor agrees with the claim and proposes to pay the debt as unsecured. |
| 17. | Ascentium Capital, LLC | | Creditor filed a claim stating that the debt is unsecured.  Debtor agrees with the claim and proposes to pay the debt as unsecured. |
| 18. | Ascentium Capital, LLC | | Creditor filed a claim stating that the debt is unsecured.  Debtor agrees with the claim and proposes to pay the debt as unsecured. |
| 19. | Ascentium Capital, LLC | | Creditor filed a claim stating that the debt is unsecured.  Debtor agrees with the claim and proposes to pay the debt as unsecured. |
| 20. | Ascentium Capital, LLC | $38,946.81 | Creditor has filed a proof of claim stating the debt is secured. Creditor listed the value and secured portion as $15,600 and the unsecured portion as $23,346.81.  Debtor filed a motion to determine the value of collateral and allowed amount of secured claim. The motion was granted and an order was entered by the Court. Pursuant to the Order, Debtor will pay the allowed secured claim of $3,456 in equal monthly payments over the remaining term of the note.  The maturity date will be extended for the length of time between when the case was filed and when payments resume. The remainder of the debt will be included in the distribution to the general unsecured |

| | | | |
|---|---|---|---|
| | | | creditors. Debtor will begin making monthly payments on the allowed secured claim in January 2021. |
| 21. | Ascentium Capital, LLC | $34,080.28 | Creditor has filed a proof of claim stating the debt is secured. Creditor listed the value and secured portion as $13,600 and the unsecured portion as $20,480.28. Debtor filed a motion to determine the value of collateral and allowed amount of secured claim. The motion was granted and an order was entered by the Court. Pursuant to the Order, Debtor will pay the allowed secured claim amount of $2,400 in equal monthly payments the remaining term of the note. The maturity date will be extended for the length of time between when the case was filed and when payments resume. The remainder of the debt will be included in the distribution to the general unsecured creditors. Debtor will begin making monthly payments on the allowed secured claim in January 2021. |
| 22. | Ascentium Capital, LLC | | Creditor filed a claim stating that the debt is unsecured.  Debtor agrees with the claim and proposes to pay the debt as unsecured. |
| 23. | Ascentium Capital, LLC | $25,288.61 | Creditor filed a claim stating the debt is secured. Debtor has objected to this proof of claim and proposes to treat the debt as unsecured because there is no supporting documentation that provides a detailed listing of the collateral. Therefore, Debtor proposes to treat the debt as unsecured. |
| 24. | Internal Revenue Service | $17,221.79 | Debtor disputes the amount of the claim and has filed an objection to the claim. Debtor believes the amount owed to the IRS is $13,736.54 and proposes to pay that amount in equal monthly payments over the next 60 months. Debtor will begin making monthly payments in January 2021. |
| 25. | Pawnee Leasing | $5,985.24 | Creditor filed a claim stating that the agreement is a lease.  Debtor rejects the lease. |

| 26. | Pawnee Leasing | $1,275.19 | Creditor filed a claim stating that the agreement is a lease.  Debtor rejects the lease. |
| 27. | Pawnee Leasing | $34,400.81 | Creditor filed a claim stating that the agreement is a lease.  Debtor rejects the lease. |

### Scheduled Debts For Which A Proof Of Claim Was Not Filed

| Creditor | Claim Amount | Plan Treatment |
|---|---|---|
| First National Bank & Trust Co. of Weatherford | $100,000 and $246,862.94 | Debtor listed the debt as secured in its Schedules. Debtor will pay the debt in full in equal monthly payments over 60 months at 5.75% interest. The maturity date will be extended for the length of time between when the case was filed and when payments resume. This debt is guaranteed by the SBA, which is currently making payments on the debt due to COVID-19, and will continue to do so until approximately October 2020. Debtor will begin making payments in January 2021. |
| The Florist Federal Credit Union | $12,036.39 | The debt is secured by a 2016 Chevy Express Van. Debtor proposes to pay the debt in equal monthly payments over the remaining term of the note at the contract rate of interest. Debtor will begin making payments in January 2021. The maturity date will be extended for the length of time between when the case |

| | | |
|---|---|---|
| | | was filed and when payments resume. |
| 24 Capital | $28,530 | Debtor listed the debt as disputed in its Schedules. Creditor has not filed a proof of claim. Therefore, the debt is disallowed, is not provided for in the plan, and will be discharged upon completion of the plan. |
| ABCO Rents | $395.71 | The debt was listed as unsecured in Debtor's schedules and will be treated as such in the plan. |
| Arvest/Security Bankcard Center | $60,560.97 | The debt was listed as unsecured in Debtor's schedules and will be treated as such in the plan. |
| Blue Bridge Financial, LLC | $10,252 | Debtor listed the debt as disputed in its Schedules. Creditor has not filed a proof of claim. Therefore, the debt is disallowed, is not provided for in the plan, and will be discharged upon completion of the plan. |
| Capital One | $7,230.35 | The debt was listed as unsecured in Debtor's schedules and will be treated as such in the plan. |
| Emerald Hills Capital Management, LLC | $26,079 | Debtor listed the debt as disputed in its Schedules. Creditor has not filed a proof of claim. Therefore, the debt is disallowed, is not provided for in the plan, and will be discharged upon completion of the plan. |
| Expansion Capital | $46,295 | Debtor listed the debt as disputed in its Schedules. Creditor has not filed a proof of claim. Therefore, the debt is disallowed, is not provided |

| | | |
|---|---|---|
| | | for in the plan, and will be discharged upon completion of the plan. |
| Fundamental Capital, LLC aka Spark Funding | $15,785 | Debtor listed the debt as disputed in its Schedules. Creditor has not filed a proof of claim. Therefore, the debt is disallowed, is not provided for in the plan, and will be discharged upon completion of the plan. |
| Gage, Inc., LLP | $190.40 | DSA Factors filed a proof of claim for this debt and will be treated as stated above in the claims treatment breakdown. |
| Gage, Inc., LLP | $511.47 | DSA Factors filed a proof of claim for this debt and will be treated as stated above in the claims treatment breakdown. |
| Gage Inc., LLP | $1,264.88 | DSA Factors filed a proof of claim for this debt and will be treated as stated above in the claims treatment breakdown. |
| Gage Inc., LLP | 225.86 | DSA Factors filed a proof of claim for this debt and will be treated as stated above in the claims treatment breakdown. |
| Green Capital Funding, LLC | $281,000 | Debtor listed the debt as disputed in its Schedules. Creditor has not filed a proof of claim. Therefore, the debt is disallowed, is not provided for in the plan, and will be discharged upon completion of the plan. |
| K&K Interiors | $265.31 | The debt was listed as unsecured in Debtor's schedules and will be treated as such in the plan. |

| | | |
|---|---|---|
| Kabbage | $21,690.93 | The debt was listed as unsecured in Debtor's schedules and will be treated as such in the plan. |
| Loanbuilder | $39,348 | Debtor listed the debt as disputed in its Schedules. Creditor has not filed a proof of claim. Therefore, the debt is disallowed, is not provided for in the plan, and will be discharged upon completion of the plan. |
| Melrose International | $743.43 | The debt was listed as unsecured in Debtor's schedules and will be treated as such in the plan. |
| MM Funding Group | $87,000 | Debtor listed the debt as disputed in its Schedules. Creditor has not filed a proof of claim. Therefore, the debt is disallowed, is not provided for in the plan, and will be discharged upon completion of the plan. |
| MM Funding Group | $76,650 | Debtor listed the debt as disputed in its Schedules. Creditor has not filed a proof of claim. Therefore, the debt is disallowed, is not provided for in the plan, and will be discharged upon completion of the plan. |
| MM Funding Group | $65,375 | Debtor listed the debt as disputed in its Schedules. Creditor has not filed a proof of claim. Therefore, the debt is disallowed, is not provided for in the plan, and will be discharged upon completion of the plan. |
| National Funding, Inc. | $18,737 | This is a noticing party for a lease with Pawnee Leasing that has been previously |

| | | provided for above. See notes regarding claim number 25 above. |
|---|---|---|
| Raz Imports | $1,599.84 | The debt was listed as unsecured in Debtor's schedules and will be treated as such in the plan. |
| Connie Duglin Linen | $3,845.21 | The debt was listed as unsecured in Debtor's schedules and will be treated as such in the plan. |

Label Matrix for local noticing
1087-5
Case 20-10845
Western District of Oklahoma
Oklahoma City
Mon Jul  6 10:31:11 CDT 2020

Arvest Bank
John W. Mee III
Mee Hoge PLLP
50 Penn Place
1900 NW Expressway, Suite 1400
Oklahoma City, OK 73118-1801

On Deck Capital Inc
c/o Christine Levi
1400 Broadway
New York, NY 10018-5300

On Deck Capital, Inc.
101 W. Colfax Ave., 10th Floor
Denver, CO 80202-5167

RCB Bank
c/o Karen Carden Walsh
Riggs, Abney
502 West 6th Street
Tulsa, OK 74119-1016

True Colours, Inc.
502 S. Main Street
Stillwater, OK 74074-4034

USBC Western District of Oklahoma
215 Dean A. McGee
Oklahoma City, OK 73102-3426

24 Capital
31-10 37th Ave.
Long Island City, NY 11101-2128

ABCO Rents
2033 E. 11th St.
Tulsa, OK 74104-3623

(p)ARVEST BANK
P O BOX 11110
FORT SMITH AR 72917-1110

Arvest Bank
524 N. Main St.
Stillwater, OK 74075-5412

Arvest/Security Bankcard Center
PO Box 2169
Lowell, AR 72745-2169

Ascentium Capital, LLC
23970 Highway 59 North
Kingwood, TX 77339-1535

Blue Bridge Financial, LLC
201 Buffalo
Buffalo, NY 14203

Brian Hobbs
6 Champion Place
Stillwater, OK 74074-1065

Capital One
PO Box 30285
Salt Lake City, UT 84130-0285

Connie Duglin Linen
6402 W. Linebaugh Ave.
Tampa, FL 33625-4959

(p)ENVERTO INVESTMENT GROUP LLC
ATTN BANKRUPTCY DEPT
4250 N DRINKWATER BLVD SUITE 220
SCOTTSDALE AZ 85251-3985

DSA Factors
3126 N. Lincoln Ave.
PO Box 577520
Chicago, IL 60657-7335

Emerald Hills Capital Management, LLC
d/b/a Outbound Capital
355 S. Teller St. #200
Lakewood, CO 80226-7391

Expansion Capital
5801 S. Corporate Pl.
Sioux Falls, SD 57108-5027

Financial Pacific Leasing Inc
3455 S 344th Way Ste 300
Federal Way WA 98001-9546

Financial Pacific Leasing, Inc.
PO Box 4568
Federal Way, WA 98063-4568

First National Bank & Trust Co. Weathfor
4611 West 6th
Stillwater, OK 74074-1551

Fundamental Capital, LLC aka Spark Fundi
201 Mission St.
San Francisco, CA 94105-1831

Gage Inc., LLP
PO Box 223
Sister Bay, WI 54234-0223

Green Capital Funding, LLC
116 Nassau St., Ste. 804
New York, NY 10038-2481

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Jared C. Smith
RCB Bank
P.O. Box 189
Claremore, OK 74018-0189

K&K Interiors
2230 Superior St.
Sandusky, OH 44870-1843

| | | |
|---|---|---|
| Kabbage<br>925 B Peachtree St. NE, Ste. 1688<br>Atlanta, GA 30309-3918 | L&J Realty<br>520 W. 6th<br>Stillwater, OK 74074-4555 | Loanbuilder<br>3505 Silverside Rd.<br>Wilmington, DE 19810-4905 |
| MM Funding Group<br>114-116 Ditmas Avenue<br>Brooklyn, NY 11218-4902 | Mark Sarno<br>6 Champion Place<br>Stillwater, OK 74074-1065 | Melrose International<br>1400 N. 30th St., Ste 22<br>PO Box 3441<br>Quincy, IL 62305-3441 |
| National Funding, Inc.<br>9820 Towne Centre Dr., Ste. 200<br>San Diego, CA 92121-1944 | Odd Fellows Development Group<br>621 S. Husband<br>Stillwater, OK 74074-4033 | On Deck Capital<br>1400 Broadway<br>New York, NY 10018-5300 |
| (p)PAWNEE LEASING CORPORATION ATTN  SANDI CAR<br>3801 AUTOMATION WAY<br>STE 207<br>FORT COLLINS CO 80525-5735 | RCB Bank<br>Karen Carden Walsh<br>Riggs Abney<br>502 West 6th Street<br>Tulsa OK 74119-1016 | RCB Bank Stillwater<br>324 S. Duck<br>Stillwater, OK 74074-3218 |
| Raz Imports<br>1020 Eden Rd.<br>Arlington, TX 76001-7885 | The Florist Federal Credit Union<br>404 N. Kentucky Ave.<br>Roswell, NM 88201-4719 | United States Trustee<br>United States Trustee<br>215 Dean A. McGee Ave., 4th Floor<br>Oklahoma City, OK 73102-3479 |
| Amanda R Blackwood<br>Blackwood Law Firm, PLLC<br>PO Box 6921<br>Moore, OK 73153-0921 | Gary D. Hammond<br>512 NW 12th Street<br>Oklahoma City, OK 73103-2407 | Stephen J. Moriarty<br>Fellers Snider<br>100 N. Broadway Ave., Suite 1700<br>Oklahoma City, OK 73102-8820 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Arvest Bank<br>105 N. Panther Ave.<br>Yellville, AR 72687 | Currency Capital, LLC<br>Los Angeles Headquarters<br>12100 Wilshire Blvd. #1750<br>Los Angeles, CA 90025 | (d)Enverto Investment Group, LLC<br>4250 N Drinkwater Blvd, Suite 220<br>Scottsdale, AZ 85251 |
| Pawnee Leasing Corporation<br>3801 Automation Way, Ste. 207<br>Fort Collins, CO 80525 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)First National Bank & Trust Co. Weatherfor
4611 W. 6th Street
Stillwater

(d)Mark Sarno
6 Champion Place
Stillwater, OK 74074-1065

(d)RCB Bank
Karen Carden Walsh
Riggs, Abney, 502 West 6th Street
Tulsa OK 74119-1016

End of Label Matrix
Mailable recipients    47
Bypassed recipients     3
Total                  50